IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3133-FL

| | | |
|---|---|---|
| JOSHUA GLENN MCRAVION,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE SOLOMON, MICHAEL A. MUMMS, MORRIS REID, TONIA ROGERS-DIXON, AND IRVIN RYAN, JR.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on defendants' motion to dismiss (DE 18) pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the court is defendant George Solomon's motion to join the pending motion to dismiss[1] (DE 31). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants both motions.

**STATEMENT OF THE CASE**

On May 28, 2013, plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants Warden Michael A. Munns ("Munns"), Associate Warden Morris Reid ("Reid"), Associate Warden Tonia Rogers-Dixon ("Rogers-Dixon"), George Solomon ("Solomon") and Associate Superintendent Irvin Ryan, Jr. ("Ryan") denied him access to courts in violation of the First Amendment to the United States Constitution. Plaintiff subsequently filed a motion for

---

[1] Defendants attached three court orders to their motion to dismiss. The court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004)). Accordingly, the court construes defendants' motion as a motion to dismiss.

summary judgment. On December 16, 2013, the court entered an order allowing plaintiff to proceed with this action, and denying his motion for summary judgment.

On March 3, 2014, defendants Munns, Reid, Rogers-Dixon, and Ryan filed a motion for summary judgment arguing that plaintiff failed to state a claim upon which relief may be granted. Defendants attached to their motion copies of the following: (1) an August 20, 2010, tort claim form; (2) a March 30, 2012, North Carolina Industrial Commission order; (3) a December 21, 2012, North Carolina Industrial Commission order; and (4) a November 19, 2013, North Carolina Court of Appeals order. (Def.s' Exs. 1-4.) Defendants' motion to dismiss was fully briefed. Then, on May 29, 2014, defendant Solomon filed a motion to join the pending motion to dismiss filed by defendants Munns, Reid, Rogers-Dixon, and Ryan. Plaintiff filed a supplemental response to the pending motion to dismiss.

**STATEMENT OF FACTS**

The facts viewed in the light most favorable to plaintiff are as follows. On January 16, 2012, plaintiff received an "order for copies" from the North Carolina Industrial Commission which applied to "all pending cases in which a party is presently incarcerated or in custody of N.C. DOC." (Compl. p. 3.) Plaintiff then showed the Industrial Commission's order to nonparty Unit Manager Lieutenant Brooks ("Brooks"). (Id.) Brooks informed plaintiff that the North Carolina Department of Public Safety ("DPS") has a policy against making copies for inmates. (Id.) Plaintiff attached to his complaint the DPS Policies and Procedures Manual Chapter G .0200, Court Related Procedures, section .0203, captioned Division of Prisons Responsibility, which provides in pertinent part:

> (H) Supplies. Inmates will be provided with paper, carbon paper, and writing implements with which the legal services

> contractor may be contacted. The Department will not provide typewriters nor photocopy services for the preparation of legal documents.

(Compl. Attach. p. 4.)

After his discussion with Brooks, plaintiff wrote to defendant Reid on January 23, 2012, but was given no response. (Compl. p. 3.) Plaintiff then spoke with defendant Ryan who told plaintiff that DPS would stand by its policy. (Id.) Plaintiff states that he later had Brooks contact defendant Munns and that plaintiff received the same response. (Id.) Plaintiff then sent the Industrial Commission's order to defendant Rogers-Dixon, and Rogers-Dixon later said "she had no knowledge of [the] order[,]" despite the fact that plaintiff retained a carbon copy of the letter he sent Rogers-Dixon. (Id.) Based upon the foregoing, plaintiff states that defendants "knowingly and recklessly with callous disregard for [plaintiff's] constitutional rights violate[d] a court order that caused [him] injury in [his] evidentiary hearing of [his] tort." (Id.) Plaintiff further states the following:

> I wasn't allowed to present my evidence documents, time lines etc . . . . Because I couldn't meet the requirements set by the Commission for exhibits of evidence to be presented and for witnesses to be called. So I was barred from showing my case clearly and from calling witnesses which violates my 6th Amendment Right to call witnesses and present evidence at trial, my 1st Amendment rights of redress of grievances and my 5th Amendment Due Process right . . . I lost Tort and had to appeal and am still in Appeal process.

(Id. pp. 3-4)

In response to the above inquiries, plaintiff was given the alternative to send his legal documents to family for copying. (Id. p. 4.) However, plaintiff states that this would violate his confidentiality rights to "legal mail," and since he is on a "security threat group watch list all non-

legal mail is screened and that would allow DOC staff to heavily scrutinize [his] case and issues of Tort happened at this facility which clearly interferes with [his] rights to access the Courts." (Id.)

On December 21, 2012, the full North Carolina Industrial Commission entered an order upon plaintiff's appeal from the March 30, 2012, decision and order of Deputy Commissioner George T. Gleen, II. ((DE 19) Ex. 3. p. 2.) The full Commission, in its December 21, 2012, order reversed the findings in the March 30, 2012, order and determined that the North Carolina Department of Public Safety negligently handled plaintiff's property and awarded plaintiff one hundred fifty dollars ($150.00) in damages. (Id.) Plaintiff subsequently filed an appeal of the full Commission's December 21, 2012, decision to the North Carolina Court of Appeals. (Id. Ex. 4.) The court of appeals affirmed the full Commission's December 21, 2012, order. (Id.)

## DISCUSSION

A. Motion to Join the Pending Motion to Dismiss

Defendant Solomon requests the court's permission to join the pending motion to dismiss filed by defendants Munns pursuant to Federal Rule of Civil Procedure 12(g), Reid, Rogers-Dixon, and Ryan. For good cause shown, the motion is GRANTED.

B. Motion to Dismiss

1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

2. Analysis

Defendants raise the defense of qualified immunity against plaintiff's § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The court first determines whether plaintiff alleged a constitutional violation. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

Generally, inmates are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977); see also, Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that defendants' conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc).

The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Lewis, 518 U.S. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. "[T]o demonstrate a [constitutional] violation, it is not enough for an inmate to complain of theoretical impediments or inconveniences." Adams v. Dobbins, No. 7:01-CV-964, 2002 WL 31499679, at *1 (W.D. Va. Apr. 12, 2002) (citing Lewis, 518 U.S. at 351), aff'd, 47 F. App'x 680 (4th Cir. 2002). Moreover, the Court in Lewis did not extend the holding to include the right to "litigate effectively once in court." Lewis, 518 U.S. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise) (emphasis added).

In this case, plaintiff fails to plead any actual injury that resulted from the alleged lack of access to the courts. The record reflects that plaintiff fully litigated the merits of his negligence claim before the North Carolina Industrial Commission, and ultimately was awarded damages for his claim. (See DE 19, Ex. 1-4.) Furthermore, there is no constitutional right to access to free photocopies. See Harrison v. Moketa/Motycka, 485 F. Supp. 2d 652, 658 (D.S.C. 2007) (citing

other cases), aff'd, 235 F. App'x 127 (4th Cir. 2007); Jackson v. Florida Dep't of Financial Servs., 479 F. App'x 289, 292-293 (11 th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding in forma pauperis, to free copies of court documents. . . ."). Based upon the foregoing, plaintiff fails to state a claim for denial of access to courts, and defendants are entitled to qualified immunity.

**CONCLUSION**

Based upon the foregoing, Solomon's motion to join defendants' motion to dismiss (DE 31) and defendants' motion to dismiss (DE 18) are GRANTED. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of November, 2014.

LOUISE W. FLANAGAN
United States District Judge